East Fordham DE LLC v U.S. Bank Natl. Assn. (2019 NY Slip Op 02047)





East Fordham DE LLC v U.S. Bank Natl. Assn.


2019 NY Slip Op 02047


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8751N 260551/14

[*1] East Fordham DE LLC, Plaintiff-Respondent,
v
U.S. Bank National Association, et al., Defendants-Appellants.


Allegaert Berger & Vogel LLP, New York (Partha P. Chattoraj of counsel), and Greenberg Traurig, LLP, New York (Carmen Beauchamp Ciparick of counsel), for U.S. Bank National Association, Commercial Mortgage Pass-Through Certificates, Series 2007-C2 and Torchlight Loan Services, LLC, appellants.
Zeichner Ellman & Krause LLP, New York (Jantra Van Roy of counsel), for Berkadia Commercial Mortgage LLC, appellant.
Polsinelli, PC, New York (Jason A. Nagi of counsel), for Keybank National Association, appellant.
Morrison Cohen LLP, New York (Brett Dockwell of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about March 30, 2017, which granted plaintiff's motion for a preliminary injunction to the extent of enjoining defendants from seeking to enforce the applicability of any terms of the loan modification agreement, including the right to foreclose on the loan, and from seeking to exercise their rights with respect to "a certain Deed-in-Lieu of Foreclosure, a certain Foreclosure Affidavit, and a certain Receivership Affidavit and the Pledged Membership Interest placed in escrow pursuant to the Loan Modification Agreement" (the "self-help" documents), unanimously modified, on the law and the facts, to enjoin defendants only from seeking to exercise their rights with respect to the aforesaid deed in lieu of foreclosure, foreclosure affidavit, and receivership affidavit and pledged membership interest, and to remand for a determination of an appropriate undertaking, and otherwise affirmed, without costs.
The court was not precluded from granting the preliminary injunction by this Court's prior order reversing the grant of a permanent injunction (see East Fordham DE LLC v U.S. Bank N.A., 146 AD3d 610 [1st Dept 2017]). Nor did it improperly issue the injunction in disregard of its own order three days earlier denying plaintiff's contempt motion, which involved a request for different relief.
Under the circumstances, we reject defendants' argument that the injunction was issued in violation of CPLR 6312(c) because there was no hearing and appropriate determination. The court correctly found that plaintiff met its burden of showing a likelihood of success on the merits, imminent irreparable harm, and a balance of the equities in its favor to the extent it sought to enjoin defendants from executing the "self-help" documents that would allow a non-judicial foreclosure of its property (see e.g. Concourse Rehabilitation & Nursing Ctr., Inc. v Gracon Assoc., 64 AD3d 405 [1st Dept 2009]). However, plaintiff did not make a showing adequate to warrant restraining defendants from seeking to enforce the various terms and conditions of the loan modification agreement.
The court should have ordered plaintiff to post an undertaking (CPLR 6312[b]; Scotto v Mei, 219 AD2d 181, 185 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK